IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOEL DEAN BISHOP, | § | |
| TDCJ-CID NO.463635, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-2409 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Joel Dean Bishop, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 state court felony conviction for aggravated robbery with a deadly weapon. Respondent has filed a motion for summary judgment, to which petitioner has filed a response. (Docket Entries No.11, No.12). Considering the pleadings, summary judgment evidence, and the entire record, the Court will grant respondent's motion and dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

Background

Petitioner entered a negotiated plea of guilty to the offense of aggravated robbery with a deadly weapon in cause number 930897 in the 262nd Criminal District Court of Harris County, Texas. (Docket Entry No.1). On December 6, 2002, the Court accepted the plea, found petitioner guilty, and assessed punishment at twenty years confinement in TDCJ-CID, to be served concurrently with two other state sentences. (Docket Entry No.10, Part 8, page 13; Docket Entry No.2). Petitioner also faces a twenty-five year federal sentence upon discharge of the state sentences. (Docket Entry No.2).

Petitioner did not file a motion for new trial or a notice of appeal from the aggravated robbery

conviction. (Docket Entry No.1). On December 27, 2004, petitioner filed a state application for writ of habeas corpus in the state district court. (Docket Entry No.1). On April 12, 2006, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. (*Id.*). Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on July 11, 2006.[1] Petitioner seeks relief on the following grounds:

1. He is actually innocent; and,

2. He was denied the effective assistance of counsel because trial counsel

   a. coerced and induced him to plead guilty by erroneously advising him that he would only have to serve seven of the twenty years under the terms of the negotiated plea and by telling him that his witnesses were not willing or unavailable to testify;

   b. refused to conduct a formal lineup to resolve inconsistencies in witness's statements;

   c. failed to present the court with alibi evidence necessary to prove petitioner's innocence;

   d. failed to investigate the law with respect to petitioner's legal situation and to inform petitioner of the same.

(Docket Entries No.1, No.2).

Respondent moves for summary judgment on the ground that this case is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). (Docket Entry No.11). Alternatively, respondent moves for summary judgment on the ground that petitioner fails to show his entitlement to federal habeas relief. (*Id.*).

---

[1] For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Petitioner dated the petition on July 11, 2006. Therefore, the Court will treat the date the petition was signed as the filing date in this case.

Discussion

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

Petitioner's federal habeas petition is subject to the provisions of AEDPA. *Lindh v. Murphy*, 521 U.S. 320 (1997). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

Respondent contends that under the provisions of the AEDPA, petitioner's one-year limitation period began on January 5, 2003, the last day petitioner could have filed a motion for new trial or a direct appeal in state court. See TEX. R. APP. PROC. 26.2(a)(1). That date triggered the one-year limitations period which expired on January 5, 2004. Petitioner's state habeas application was filed on December 27, 2004, nearly a full year after the expiration of the AEDPA deadline; therefore, respondent argues, the tolling provisions found in § 2244(d)(2) do not apply to this application. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Respondent maintains because petitioner filed the pending federal habeas action on July 11, 2006, well after the expiration of the limitations period, his federal habeas petition is untimely and subject to dismissal.

Petitioner, however, contends that the AEDPA statutory period should begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner claims the date that he discovered the factual predicate of his claims is March 30, 2004, the date that he received the files that his trial counsel had retained. (Docket Entry No.2).

Petitioner also claims that he exercised due diligence in attempting to discover the factual predicate of his claims but that rare and extraordinary circumstances prevented him from such discovery until March, 2004. (*Id.*). The rare and extraordinary circumstances include the time he spent in transit from county jail to TDCJ, and the time he spent in federal custody from March, 2003 until November, 2003. Petitioner contends that during the transition from county jail to a TDCJ unit, he had no means of discovering the factual predicate of his claims. He contends that while in federal custody, he was not allowed to possess any legal documents that did not pertain to his federal case; therefore, he was unable to work on claims related to his state conviction. Petitioner maintains that when he returned to state custody in November, 2003, he received the TDCJ official time-statement and discovered a serious mistake in the plea agreement. At that time, he began to diligently pursue his legal recourse. (*Id.*). He sought a copy of the files related to his trial, which his trial counsel had retained. On March 23, 2004, petitioner received the files and records from counsel and "was able to discern the complete picture of what had gone awry concerning the plea agreement." (*Id.*, page 11). Thereafter, petitioner claims, he spent hours in the law library, preparing his state habeas application, which he submitted to the district court on December 27, 2004. (*Id.*).

If as petitioner contends, he did not discover until November, 2003, the factual predicate of his claim regarding the involuntary plea induced by trial counsel's erroneous advice, limitations

5

would begin to run in November, 2003, and not when he received the attorney's file. "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Calculating the one-year limitation from the latest possible date,[2] petitioner would need to have filed his state petition no later than November, 2004, in order for tolling to apply and his § 2254 petition to be considered timely. Petitioner's state habeas petition was filed on December 27, 2004, a month after the limitations period expired; therefore, the tolling provisions found in § 2244(d)(2) do not apply. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner and there is no showing of a newly recognized constitutional right upon which the petition is based. *See* 28 U.S.C. § 2244(d)(1)(B), (C). Therefore, the pending petition is untimely and subject to dismissal.

Nevertheless, petitioner argues that he is entitled to equitable tolling of the limitations period. Petitioner contends that he was prevented from discovering the factual predicate of his claims by the federal transfer of custody from March, 2003, until November, 2003 and by his counsel's reluctance to turn over the files. (Docket Entry No.2). He claims that he entered an involuntary plea due to the ineffectiveness of his trial counsel and that he is actually innocent. (*Id.*).

The AEDPA's one-year statute of limitations period is not jurisdictional and is subject to equitable tolling. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam). Equitable

---

[2] The Court has not definitively determined the relevant date on which the clock begins for purposes of § 2244's one-year limitation period. In either case, the petition is untimely. As such the definitive date is not outcome determinative.

tolling, however, is permissible only under "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Moreover, the lack of access to state court records by an inmate does not present an 'exceptional circumstance" that would warrant equitable tolling. *See Roughley v. Cockrell*, 45 Fed. Appx. 326 (5th Cir. July 12, 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, 226 F.3d 643 (5th Cir. July 14, 2000) (unpublished disposition) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records); *Kiser v. Dretke*, Civil Action No.4:04cv494, 2004 WL 2331592 (N.D. Tex. Oct. 15, 2004) (holding "[d]ifficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling"), *report and recommendation adopted by* 2004 WL 2549174 (N.D. Tex. Nov. 9, 2004). It follows that petitioner's delay in receiving the files retained by his trial counsel and his lack of access to state court records during his federal detention are not exceptional circumstances that would warrant equitable tolling.

Furthermore, a claim of actual or factual innocence does not constitute a "rare and exceptional" circumstance, given that many inmates maintain they are innocent. *Felder*, 204 F.3d at 171. In this case, petitioner has not presented any proof of his actual innocence. Therefore, he has not shown any entitlement to equitable tolling of the AEDPA limitations period.

Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-

year limitation period and, therefore, respondent is entitled to summary judgment as a matter of law.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right; therefore, a certificate of appealability from this decision will not issue.

## Conclusion

Accordingly, the Court ORDERS the following:

1.  Respondent's motion for summary judgment (Docket Entry No.11) is GRANTED.

2.  Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Docket

Entry No.1) is DENIED.

3. This cause of action is DISMISSED with prejudice.

4. A certificate of appealability is DENIED.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this 29th day of May, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE